JOHN GEHLING, PLAINTIFF IN ERROR, v. SCHOOL DISTRICT No. 56, RICHARDSON COUNTY, DEFENDANT IN ERROR.

**School District:** POWERS OF SCHOOL BOARD: EXPENDITURES FOR SCHOOL-HOUSE. Subject to certain restrictions, the qualified electors of school districts are intrusted with the power to determine what sort of school-house shall be built, and the extent of the expenditure therefor; and when so determined, the school board have no authority to change the same, and thus bind the district for an increased expenditure.

NOTE.—A contract entered into and signed by persons styling themselves as directors and moderators, is an individual contract, and not that of the school district. *The People, ex rel. Hunter, v.*

ERROR to the district court for Richardson county. Tried below before WEAVER, J.

The petition alleged that plaintiff, at the special instance and request of defendant, performed certain mason work upon defendant's school-house, for which defendant agreed to pay so much as the same was reasonably worth, which was $80; that afterwards, to-wit: Sept. 23, 1876, "as evidence of such indebtedness," the defendant executed and delivered to plaintiff an order upon the school treasurer, signed by the director and moderator, for said sum of $80; that said order having been presented to the treasurer for payment, was endorsed by him "Not paid for want of funds," and that no part of said indebtedness or of said order has ever been paid, though payment has been demanded. The defendant answered, setting up in substance that in July, 1875, the electors of the school district had voted to build a new school-house, and for that purpose to issue the bonds of the district to the amount of $20,000; that thereupon the trustees of the district had entered into a contract with one Burbank to put up the said building and complete the same, all of which was accordingly done by said Burbank, and that the said bonds were accordingly delivered to him; that the work done by plaintiff was a part of that which Burbank was to do according to said contract; that the electors of the district never authorized the trustees to employ plaintiff, and that the issuing of the school order set up in the petition

*Peters*, 4 Neb., 254. The action of a majority of a school board will not bind the district, without notice to or participation therein of the other members. *Id.* The powers conferred upon a school district to issue bonds are "corporate powers" within the meaning of sec. 1, Art. VIII., Constitution of 1867. *Clegg v. School District*, 8 Neb., 179.—REP.

was *ultra vires;* and denying that the defendant ever employed plaintiff to do the work for which the action was brought.

The plaintiff thereupon moved the court to strike out of the answer all but the denial of the employment. This motion having been sustained, and the plaintiff having replied generally, the case was tried to the court without a jury, and judgment having been rendered in favor of the school district, Gehling now seeks to reverse that judgment by petition in error.

*Schoenheit & Thomas,* for plaintiff in error.

*George P. Uhl,* for defendant in error.

LAKE, J.

Our decision in this case must turn upon the power of the school board to make the contract with Gehling for the work done by him, and for which the order in question was issued.

In *School District v. Stough,* 4 Neb., 357, it was held that a school board could not bind the district by drawing, accepting, and issuing orders against a proposed building fund which, although duly voted, had not yet been raised. In that case, however, the district had received nothing of value for the orders thus improperly issued by its officers, while here it is shown that the one issued to Gehling was for work actually performed on the school-house under a contract with the district board.

In this case it appears that the district had voted to expend a certain sum of money in the erection of a school-house according to a plan and specifications duly adopted, and steps were accordingly taken to raise the required means.

Whether the course pursued by the district and the

extent of the proposed expenditure were such as the law upheld, it is not important here to know. At all events, it is clear that, subject to certain restrictions imposed by the legislature, it was competent for the qualified electors of the district, when lawfully assembled, to decide upon what sort of school-house should be built, and also the extent of the expenditure thereupon; and having done so, that decision could not legally be interfered with by the school board. If, in the opinion of the board, changes or an increased expenditure were desirable, a meeting of the electors should have been called, and their direction in the matter obtained.

It is true that the change made in this instance was not very important, and increased the cost of the work only eighty dollars. And the building may have been that much more valuable to the district. But these are matters not to be considered in determining the power of the board to make it. In principle it is just the same as if the increase had been eight hundred instead of eighty dollars. As showing the policy of our legislation respecting this sort of expenditures we refer to the following provisions of the general school law : In section 29, it is provided that " *The said qualified voters* shall also have power, at any regular or special meeting, to direct the purchasing or leasing of any appropriate site, and the building, hiring, or purchasing of a school-house, * * * * and to levy a tax on the property of the district for the payment of the same."

And section 30 provides that " Any school district shall have power and authority to borrow money to pay for the sites for school-houses, and to erect buildings thereon, and to furnish the same *by a vote of a majority of the voters of said district* present at any annual meeting or special meeting," etc. Gen. Stat., 966.

Indeed, we find the whole course of legislation to be in harmony with these provisions.   Not only is the authority to direct and control such expenditures withheld from the school board, but as we see is expressly intrusted to the whole body of the electors, by whom alone it can be exercised.

Such being our views, it follows that the contract under which Gehling did the work, being neither authorized nor adopted by the electors, was not binding upon the district, nor can a recovery be had against the district for work done under it.

JUDGMENT AFFIRMED.