## No. 1399.

### FRANCOIS D. BROUSSARD VS. ANATOLE VERRET ET AL.

An agreement under which trees were taken possession of and belted, will not be decreed null because signed by the transferrer alone.

The School Board should keep a written record of its proceedings.

The time granted in the agreements having elapsed, within which to belt trees, new work will not be protected under the terms of the agreements, an extension not having been proven.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Mouton, J.*

*Felix Voorhies* for Plaintiff and Appellant.

*C. H. Mouton* for Defendants and Appellants

The opinion of the court was delivered by

BREAUX, J. Plaintiff sues to recover the sum of $3500, value of timber, he alleges that the defendants have taken possession of and sold for their account.

He claims to be the owner of these trees, under a contract dated the 17th day of September, 1883, entered into with the president of the School Board of the parish of St. Martin, authorizing him during one year, to deaden, cut down and trail trees on Sec. 16, T. 11, S. R., 9 E., for which he bound himself to pay $1 a tree.

He paid $760 altogether for the trees he floated and sold.

He avers that, in addition, he left some 500 trees on that section of which he was the owner.

To recover he must prove that the title was in him.

In 1888 one of the defendants entered into an agreement with the School Board of the parish of St. Martin, whereby he was authorized to deaden, cut down and float cypress trees on this land.

He deadened about six hundred trees, and sold about an equal number. The judgment of the District Court condemned this defendant to pay $250, the value of fifty trees.

The other defendant had no claims as an owner; was only an employé of his co-defendant, against whom all claims have been abandoned.

The plaintiff and the defendant appeal.

The authority of the School Board to sell trees at private sale is

59

not questioned.   Under the pleadings that issue is not before us.   A number of bills of exceptions have been reserved.

Our attention is directed to three of these bills.   Only one will be decided, at this time.   The others will be considered with the issues presented.   In the first, the grounds are that the court erred in admitting in evidence the authorization in writing under which the plaintiff acted in floating off and selling the trees.

The plaintiff accepted the conditions of the sale of these trees.   He paid the amount due.   The evidence showing under what authority he had taken possession, deadened, cut down, and sold certain trees, was admissible, and to it effect was properly given.

Under the permit declared upon, and under which the rights of plaintiff arise, the time granted to plaintiff to deaden these trees expired on the 17th day of September, 1884.

During the trial the plaintiff claimed more than he had alleged, for no mention is made of an extension of time, under the original permit to cut trees.   The plaintiff in bringing suit relied exclusively on the sale of 1883.

Granted that proof of an extension of time was admissible, although not alleged, the evidence admitted did not make proof of any fact.

The plaintiff testifies that an extension was given to him verbally some time after the expiration of the original right.

The president of the board, by whom, he says, the extension was granted, has no recollection of any extension granted by him.   If he had, and had particularly recalled same verbal permit, the result would be the same, for that officer has no authority to make verbal grants of any kind affecting the school land sections.

They are not in his charge, but they are placed in the trust of the Board of School Directors of which he is the presiding officer.

Their proceedings are required to be in writing—and a record should be kept.

This defeats all effects sought to be given to the verbal extension claimed.

The original right is not sustained by any actual obtainable evidence in writing of the board's action.

The president testified that he was absolutely certain that he had been duly authorized by the board.

We accept the statement as correct, and conclude that possibly in

an old record book stored away in a dark corner such authorization as that testified to is recorded.

This is the utmost effect can be given to this evidence.

The extension can not be considered proven.

Therefore, the term granted to plaintiff to deaden these trees expired on the 17th day of September, 1884.

The number of trees deadened prior to that date must be determined, also those deadened after. Plaintiff has no right to the latter.

He contends that the 500 trees, the value of which he claims, were all deadened in the spring of 1884; that it was not possible to float them out before the flood of 1890.

This contention is not sustained by the evidence.

The plaintiff, as a witness, does not fix the date.

The other witnesses, who have testified as to the date these trees were deadened, make it evident that nearly all work was done subsequent to 1884, i. e., after the contract had expired.

While any work commenced under the contract could be prosecuted to its legitimate end, plaintiff, after that time, had no authority to undertake new work on this section.

The defendant, in one of his letters, impliedly at least, admits certain rights on plantiff's part.

His employé, the workman in charge, testifies that fifty trees were taken of those deadened by the plaintiff.

This is corroborated by other testimony. While the defendant can not be held bound for all the trees deadened in the section in question, he should pay those actually taken by him, which were deadened prior to the 17th day of September, 1884.

Considered in its entirety the evidence justifies the conclusion that these trees were deadened prior to the last mentioned date:

The judgment appealed from reserves to plaintiff the right hereafter to an action against defendant for any other trees on this section taken by him, deadened prior to said date, and to which plaintiff has a right under his written agreement.

The decree appealed from does substantial justice.

We the more readily reach this conclusion for the reason that defendant's contract did not authorize him to cut down and float away deadened trees.

The plaintiff had deadened these fifty trees, and has a right to the

enforcement of the contract for his work prior to 17th of September, 1884.

Judgment affirmed.

The costs of appeal to be paid by appellant and appellee, in proportion of one-half each.