FRANK MIZERA, APPELLANT, V. S. W. AUTEN ET AL., APPELLEES.

FILED MAY 22, 1895.    No. 6277.

Schools and School Districts: ERECTION OF BUILDING: APPROPRIATION OF FUNDS: AUTHORITY OF DIRECTORS. Certain sections of chapter 79, Compiled Statutes, 1893, entitled "Schools," construed, and *held*, (1) that the electors of a school district, and they alone, at their regular annual meeting, or at a special meeting called for such purpose, have power to direct the building of a school house; (2) that the district board of a school district has no power or authority of law to appropriate the funds of a school district to the erection of a school house, unless first authorized so to do by a vote of the electors of such school district; (3) that when a school district owns a school house site and has the money in its treasury sufficient to build a school house, which money was raised for that purpose, the electors of such school district, at any regular annual meeting, or at a special meeting called for that purpose, may direct the building of a school house on the school site, and that such school building be paid for out of the funds on hand for that purpose; (4) that the electors at such meeting may designate the school board to act as the agent of the district to superintend the construction of such school house; (5) that if no one is designated by the electors of the school district to superintend the construction of a school building directed to be built, then the school board of such district has authority to make contracts and superintend the erection of the school building ordered; (6) that the electors of a school district are not obliged to select the members of the school board as agents to superintend the construction of a building ordered to be built, but may select such person or persons as, in their judgment, will best subserve the interests of the school district.

APPEAL from the district court of Saunders county. Heard below before WHEELER, J.

*H. Gilkeson* and *Frick & Dolezal*, for appellant, cited: *School District v. School District*, 12 Neb., 242; *People v. Peters*, 4 Neb., 254; *Ward v. School District*, 10 Neb., 296; *Zottman v. City of San Francisco*, 20 Cal., 96; *City of Leavenworth v. Rankin*, 2 Kan., 357; *Maher v. State*, 32 Neb., 355; *McCracken v. City of San Francisco*, 16 Cal., 591; *Cross v. Mayor of Morristown*, 18 N. J. Eq., 305.

*Simpson & Sornborger, contra.*

RAGAN, C.

Briefly, the material facts in this case are: On the 27th day of June, 1892, the electors of school district No. 14 of Saunders county, at their regular annual meeting held on that day, voted the erection of a school house on the school grounds belonging to said district, such school house not to exceed a specified sum, there then being in the treasury of said district sufficient funds to build such school house, which funds had been previously raised for that purpose. At such meeting the electors of said district by a vote appointed S. W. Auten, Moritz Ladenburger, and Jasper Swan, three electors of said district, a building committee, and instructed them to advertise for bids for building such school house, and to build a school house on the grounds belonging to the district. The gentlemen appointed as such building committee entered into a contract with one Michael Sorrick, in and by which the latter contracted to furnish the material and build a school house on the school district grounds. The contract between the building committee and Sorrick did not expressly recite that the building committee was acting for and on behalf of the school district. Sorrick also gave a bond to the building committee, naming them individually, as obligees to com-

ply with his contract in reference to furnishing the material
and building the school house. Sorrick began the erec-
tion of the school house according to his contract with the
building committee and had the building well under way
when on the 20th of September, 1892, Frank Mizera
brought this suit to the district court of Saunders county
against said building committee and said contractor to en-
join the further building and completion of said school
house on said school grounds. The district court on a final
hearing of the case dissolved the temporary injunction
which had been granted by the county judge and dismissed
Mizera's petition, from which decree he has appealed.

1. The principal argument relied on here for a reversal
of the decree appealed from, and the one upon which all
the other arguments of appellant depend, is thus stated by
his learned counsel: "That the appointment of the build-
ing committee was wholly void, because not authorized by
any law, because the electors of said school district could au-
thorize no one to build a school house except the district board
of that school district." In other words, the argument is
that the members of the school board of a school district
are the only persons that the electors of such district at
their annual meetings can authorize to act as agents of the
school district to superintend the building of a school house
therefor; and if the electors of a school district at their
annual meeting duly appoint any other persons than the
members of the school board to superintend the erection of
a school house for said district, that such appointment is
absolutely void; that such persons are incompetent in law
to be the agents of such school district for such purpose.
This question involves the construction of certain portions
of chapter 79, Compiled Statutes, 1893, entitled "Schools."
By section 2 of subdivision 1 of said chapter the school
districts of this state are declared to be bodies corporate
and to possess all the usual powers of corporations for
public purposes. And in subdivision 2 of said chapter, in

20

section 10, it is provided: "The said qualified .voters [of a school district] shall also have power, at any annual or special meeting, to direct * * * the building * * of a school house." And by section 12 of said subdivision it is provided that the legal voters at such annual meeting may determine the amount of money that "shall be expended for the building * * * of school house in said district." And by section 13 of said subdivision it is provided that the moneys on hand collected from tax levies or from the sale of bonds for the purpose of building a school house "shall be expended under the direction of the district made at the annual meeting, or in absence of such direction then such tax [moneys] shall be expended as the district board of the district may direct." And by section 6 of subdivision 5 of said chapter it is provided: "They [the school district board] shall purchase or lease such site for a school house as shall have been designated by the district, in the corporate name thereof, and shall build, hire, or purchase such school house out of the fund provided for that purpose, and shall make sale and conveyance of any site or other property of the district, when lawfully directed by the qualified voters at any annual or special meeting." Reading and construing these several sections together we reach the following conclusions: (1) That the electors of a school district, and they only, at their regular annual meeting or at a special meeting called for such purpose, have power to direct the building of a school house; (2) that the district board of a school district has no power or authority of law to appropriate the funds of a school district to the erection of a school house, unless first authorized so to do by a vote of the electors of such school district ; (3) that when a school district owns a school house site and has the money in its treasury sufficient to build a school house, which money was raised for that purpose, the electors of such school district, at any regular annual or at a special meeting called

for that purpose, may direct the building of a school house on the school site, and that such school building be paid for out of the funds on hand for that purpose; (4) that the electors at such meeting may designate the school board to act as the agent of the district to superintend the construction of such school building; (5) that if no one is designated by the electors of the school district to superintend the construction of the school building directed to be built, then the school district board of such district has authority to make contracts and superintend the erection of the school building ordered; (6) that the electors of such a school district are not obliged to select the members of the school board as agents to superintend the construction of the building ordered to be built, but may select such person or persons as in their judgment will best subserve the interests of the school district. The courts must presume that the legislature in the passing of a law takes into consideration existing facts and conditions. Under our statutes both men and women are eligible as members of our school boards. Persons abundantly qualified by reason of their training and experience as educators to manage the schools and superintend the education of the young might, of all people in the district, be the least competent to superintend the erection of a building. Whether this fact was present in the mind of the legislature and led to the adoption of the law as it now stands, by which the electors of a district are not limited to the selection of the members of the school board as agents to superintend the construction of buildings, is not material. It is sufficient to say that while the law makes the school board the agents of the district for the purpose of employing teachers, conducting the schools, and caring for and controlling the property of the school district, it does not prohibit the electors of the district from appointing from among their number a committee or agents to superintend the construction of a school building, nor compel such electors to make

the members of the school board such agents or building committee. The decree of the district court is

AFFIRMED.