SCHOOL DISTRICT No. 35 OF SHERMAN COUNTY V. JAMES L. RANDOLPH.

FILED JANUARY 19, 1899. No. 8607.

School District: SCHOOLHOUSE: RIGHTS OF ELECTORS. Subject to certain restrictions, the qualified electors of school districts are intrusted with the power to determine what sort of a schoolhouse shall be erected and the extent of the expenditure therefor; and when so determined, the school board has no authority to change the same and thus bind the district for an increased expenditure. *Gehling v. School District*, 10 Neb. 239, followed.

ERROR from the district court of Sherman county. Tried below before SINCLAIR, J. *Reversed.*

*Wall & Burrowes,* for plaintiff in error.

*T. S. Nightingale* and *R. J. Nightingale, contra.*

IRVINE, C.

School District 35 of Sherman county undertook to erect a schoolhouse. Plans and specifications were adopted at a district meeting, and the contract for erecting the house was let to Randolph. He built the house according to contract, it was accepted, and he received the contract price. It was, however, discovered that the designs failed to provide for certain work on the foundations, for certain braces, for window shutters, and for a platform and steps at the door as means of ingress. Randolph, at the request of the district board, supplied these deficiencies and brought this suit, not on a *quantum meruit,* but on the special contract with the board, to recover for the extra work. The district court gave him judgment for the price of the shutters, platform and steps, and the district asks a reversal.

However meritorious the claim may be as a moral obligation upon the district, we are satisfied it cannot be sustained, at least through a suit on the special contract

with the district board. In support of the claim the defendant in error invokes section 9, subdivision 5, chapter 79, Compiled Statutes, as follows: "The said board shall have the care and custody of the schoolhouse and other property of the district, except so far as the same shall be confided to the custody of the director." Conceding that this provision confers upon the board authority to contract for ordinary repairs, to maintain the house in good condition, it cannot be given the effect of authorizing new construction without a conflict with other provisions of the law. The work here in controversy was not in the nature of repairs. It was additional work to complete the building, beyond that which the electors had authorized by the adoption of the plans and specifications. Section 10, subdivision 2, chapter 79, Compiled Statutes, gives to the electors the power to build, hire, or purchase a schoolhouse. Section 12 gives them the power to determine the number of mills on assessment valuation which shall be expended for such building. Section 13 provides that the tax collected shall be expended under the direction of the district made at the annual meeting, or in the absence of such direction, as the district board shall direct. Here the electors had directed. It is clear that the policy of the law is to permit the electors to determine whether a schoolhouse shall be constructed, the amount to be expended, and to permit them also, if they choose, to designate the kind of a house which shall be built. If they do so, the board is powerless to increase the expenditure by changing the adopted plans or by adding work which the electors have not seen fit to provide for. *Gehling v. School District*, 10 Neb. 239, was a case like this and the law construed as above indicated. *Mizera v. Auten*, 45 Neb. 239, presented a somewhat different question, but the same construction was indicated.

REVERSED AND REMANDED.