JOSIAH LADD, APPELLANT, v. SCHOOL DISTRICT NO. 6 ET AL., APPELLEES.

FILED DECEMBER 2, 1903. No. 13,169.

1. **Injunction:** SCHOOL BOARD: POWERS. A school district board has no authority to purchase or lease a schoolhouse site, unless directed by the electors of the district at an annual or special meeting, and a purchase of such site by the school board, without being thus directed, is not binding on the school district.

2. **School Board:** PURCHASE OF SITE. That the electors of a school district have lawfully designated a particular site to which to move the schoolhouse is not an implied direction to the board to purchase or lease such site.

APPEAL from the district court for Hall county: JOHN R. THOMPSON, JUDGE. *Reversed.*

*Thomas O. C. Harrison* and *William S. Pearne,* for appellant.

*Richard R. Horth,* contra.

ALBERT, C.

This is an action to restrain the removal of a schoolhouse from its present site, which belongs to the school district, to another part of the district. The right to change the site is based on the action of the electors of the school district, taken at the annual school meeting held June 30, 1902. The record of that action is as follows: "Voted to

move the schoolhouse to N. E. corner N. E. ¼ of S. 19, T. 10, R. 10. 25 votes cast, 18 for and 7 against." At the time, the school district had no title or estate in fee, or otherwise, in the site to which it was proposed to move the schoolhouse, and the district board were not authorized by the electors at such school meeting, or at any other school meeting, to purchase or lease the new site. Subsequently, the district board, assuming to act for the district, bought one acre in the corner designated, and directed a warrant to be drawn on the treasurer of the district in favor of the grantor for the purchase price. The warrant had not been presented for payment nor had the deed to the site been recorded when this action was brought, and it would appear that there is an understanding between the members of the school board and the grantor that the warrant shall not be presented and the deed shall be withheld from the record pending this litigation.

After the purchase of the new site, the board made preparation for the removal of the schoolhouse thereto, and would have removed it, had they not been restrained by the order of the court made in this case. Upon a hearing had in the district court, plaintiff's bill was dismissed; and he brings the case here on appeal.

It seems to us the plaintiff was entitled to the relief prayed. It will be conceded that a school district board has no authority to remove a schoolhouse to a site to which the district holds no title either in fee or for a lesser estate. To attempt to do so would seem to be such a reckless disregard of public interest as to call for the interference of a court of equity, aside from the provisions of section 7, subdivision 5, chapter 79, Compiled Statutes (Annotated Statutes, 11081), which expressly provides that a school district shall not build a stone or brick schoolhouse upon any site, without first having obtained title in fee thereto, and that it shall not build a frame schoolhouse on any site to which it has not title in fee, without the privilege of removing the same, when directed by the votes of the district.

The case, then, narrows down to this question: Did the district acquire title to the site by the purchase thereof by the board without directions from the electors of the district? Section 8, subdivision 2, chapter 79, Compiled Statutes (Annotated Statutes, 11036), provides that the qualified voters of the school district, when lawfully assembled, shall have power to designate a site for a schoolhouse by a two-thirds vote of those present, and to change the same by a similar vote at any annual meeting. Section 10, chapter 79, provides that such qualified voters shall have power, at any annual or special meeting, to direct the purchasing or leasing of any appropriate site, and the building, hiring or purchasing of a schoolhouse.

In *Mizera v. Auten*, 45 Neb. 239, this court held that section 10, *supra*, was a limitation on the authority of the district board and that such board had no authority to build a schoolhouse, unless directed by the electors of the district at some annual or special meeting. There is nothing in the section to indicate that such limitation was intended to apply only to the building of schoolhouses. On the contrary, it is obvious that it applies equally to all the acts therein enumerated.

But the defendants rely on section 6 of subdivision 5, chapter 79, which is as follows:

"They (the board) shall purchase or lease such site for a schoolhouse as shall have been designated by the district, in the corporate name thereof, and shall build, hire, or purchase such schoolhouse out of the fund provided for that purpose, and shall make sale and conveyance of any site or other property of the district, when lawfully directed by the qualified voters at any annual or special meeting."

The section just quoted was not intended as a modification of the provisions of section 10, *supra*. Section 10 enumerates some of the powers of the electors at an annual or special meeting. Section 6, *supra*, enumerates some of the powers of the district board. The two sections are complementary of each other and *in pari materia*, and

should, therefore, be read together. Thus read, the qualifying clause in the latter, "when lawfully directed by the qualified voters at any annual or special meeting," not only limits the last power enumerated, but each and all of those preceding it. Besides, section 6 gives a school board no greater power in respect to buying or leasing a schoolhouse site than in respect to building schoolhouses. As we have seen, in *Mizera v. Auten,* 45 Neb. 239, it has no authority to build a schoolhouse unless directed by the electors of the district. School boards are creatures of the statute and their powers are limited. They can bind the district only within the limits which the legislature has fixed; beyond that, their acts are void. *School District v. Stough,* 4 Neb. 357; *Gehling v. School District,* 10 Neb. 239; *School District v. Randolph,* 57 Neb. 546; *Markey v. School District,* 58 Neb. 479.

It may be claimed that the vote of the electors to move the schoolhouse to the new site was an implied direction to the board to buy or lease such site. But we think the sections of the statute referred to exclude the idea of an implied directon of that kind. Besides, if the legislature had regarded the designation of a site by the electors as carrying with it implied authority to the board to purchase or lease the site designated, it is not probable that it would have made, as it did, the power to purchase or lease a site the subject of an express grant.

It follows, therefore, that the attempted purchase of the schoolhouse site was unauthorized and not binding on the district. The attempt, then, to remove the schoolhouse to the new site was, in fact, an attempt to remove it from a site belonging to the district to one in which the district had no title in fee, or otherwise. The removal under such circumstances, is unauthorized and a permanent injunction should have been granted.

It is therefore recommended that the decree of the district court be reversed and the cause remanded with directions to enter a decree in accordance with this opinion.

GLANVILLE and BARNES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is reversed and the cause remanded with directions to enter a decree in accordance with this opinion.

REVERSED.