JOHN QUISENBERRY, APPELLANT, V. SCHOOL DISTRICT ET AL., APPELLEES.

FILED NOVEMBER 22, 1905.   No. 14,220.

1. **School Districts: MEETINGS: RECORD.** The records and proceedings of school district meetings are not to be given a narrow and technical construction, but should be construed in such a manner as to give effect to the manifest intention of the voters, if the same can be ascertained from the record.

2. **Resolutions** set forth in opinion *held* sufficient to vest the officers of a school district with power to sell the schoolhouse and to build a new one upon the designated site.

APPEAL from the district court for Hall county: JOHN R. HANNA, JUDGE.   *Affirmed.*

*Harrison & Prince,* for appellant.

*R. R. Horth* and *John R. Thompson,* contra.

LETTON, C.

At the annual meeting of school district No. 6 of Hall county held in 1902, it was voted to move the schoolhouse to the "N. E. corner of the N. E. ¼ of S. 19, T. 10, R. 10," A levy of 10 mills tax was also voted to raise a fund wherewith to build a schoolhouse on this site.   No instructions were given at the meeting to the school district officers to purchase the new site; and, the directors thereafter taking steps to move the schoolhouse to the new site, an

action was brought by a resident taxpayer to enjoin its removal. This action was finally brought to this court, and it was held that the officers had no power to purchase a schoolhouse site unless directed so to do by the electors of the district at an annual or special meeting, and that such a purchase by the school board without being directed was not binding upon the school district (*Ladd v. School District*, 70 Neb. 438), and the removal of the schoolhouse was permanently enjoined. At the annual meeting in 1903 a levy of a 4 mills tax was voted "to pay for the new schoolhouse site which was bought in 1902." At the annual meeting in 1904 the following resolutions were adopted: "Be it resolved, that the act of the school district board in purchasing the following described premises, to wit: Commencing at the northeast corner of sec. 19, in town 10, range 10, Hall county, Nebraska, running thence west along the north line of said sec. 19, 13½ rods; thence south 12 rods; thence east 13½ rods to the east line of said section; thence north 12 rods to the place of beginning—in the name of the district and for the purpose of a site for the schoolhouse, for the sum of $50, be and the same is ratified, confirmed and in all things approved, and is hereby declared as the site for the schoolhouse in this district.

"Be it further resolved, that if for any reason the title of the district to the above premises is not sufficient, that the school district board be and they hereby are instructed to procure a good title to said premises so long as it shall be used for school purposes."

It was further voted to sell the old schoolhouse, and to build a new schoolhouse on the new site, and the school board was appointed a building committee.

Pursuant to this action by the voters the school board procured a warranty deed to the premises described in the resolutions and were about to proceed with the erection of the schoolhouse when this action was brought by the appellant John Quisenberry to restrain the sale of the old schoolhouse and the construction of the new one.

It appears that in August, 1902, after the ineffective attempt to change the site of the schoolhouse, the owner of the tract in the northeast corner of section 19, in town 10, range 10, Hall county, Nebraska, had made a warranty deed to the school district to one acre in the northeast corner of the quarter section. After the decision in the Ladd case, and after the passage of these resolutions another warranty deed was made by him conveying the same tract to the district. The appellant contends that it was not within the power of the voters to ratify the illegal act of the directors in purchasing this tract without prior authorization by the directors of the district; that the contract of purchase was void and was not capable of ratification, and that the resolutions of 1904 should be considered as a whole and were nothing more than an attempted ratification of a void act. It is also contended that the designation of the site was not so definite in its terms and description as to be operative, since it was made in an abbreviated form. Under the view we take of these resolutions it is unnecessary to consider whether or not the illegal act of the district officers was capable of ratification, or whether the description in the records of the 1902 meeting is sufficiently definite and certain.

We think the appellant fails to give proper weight to that portion of these resolutions which declares a certain tract of land specifically described therein to be the schoolhouse site. At the 1902 meeting a schoolhouse site was designated by the voters by a defective description. In 1904 by this resolution the same site described more specifically, was declared to be the site for the schoolhouse in the district, and the school district officers were instructed to procure a good title to the same, and to build a schoolhouse thereon.

The purpose of the resolution adopted at the meeting in 1904 was to designate a site for the schoolhouse in a legal manner; properly to authorize the officers of the district to procure a title to the new site; to sell the old schoolhouse, and to build a new one on the site designated. If

7

no prior action had been attempted to be taken, these resolutions are broad enough to accomplish the desired purpose, and we fail to see why a prior abortive effort to attain the same result should render them a nullity. The records and proceedings of school district meetings are not to be given a narrow and technical construction, but should be construed in such a manner as to give effect to the manifest intention of the voters, if the same can be ascertained from the record. We think the 1904 resolutions confer the required authority upon the school district officers and we recommend that the judgment of the district court be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.