JOHN McMAHON, APPELLANT, v. SCHOOL DISTRICT ET AL., APPELLEES.

FILED NOVEMBER 21, 1907.   No. 14,980.

1. Schools and School Districts: CHANGE OF SCHOOL SITE. Where the electors of a school district, in a motion to authorize a change in the schoolhouse site, designate the new location as the southeast corner of the northeast quarter of section 22, the failure to state the township and range in which the section is located does not render the location of the proposed site uncertain, when there is but one section numbered 22 in the school district.

2. ———: ———: Under sections 11036 and 11038, Ann. St., a school district may authorize the removal of the schoolhouse to a new site previous to the acquisition of the title to the proposed new site, and may thereafter, at a special meeting, authorize the acquisition of the title to the proposed site, but will have no right to remove the schoolhouse to the new site until the district has acquired title thereto.

3. ———: ———: PRESUMPTIONS. Where the electors of a school district by a motion authorize the acquisition of a new site for the schoolhouse, and in the description the site is located in the southeast corner of the northeast quarter of section 22, township 22, range 5, and it appears that the section described would be without the district, and that there is but one section 22 within the district, it will be conclusively presumed that the location referred to was on the section 22 within the school district.

APPEAL from the district court for Antelope county: JOHN F. BOYD, JUDGE. *Affirmed.*

*Fred H. Free,* for appellant.

*O. A. Williams, contra.*

GOOD, C.

The appellant instituted this action in the district court against School District No. 66 of Antelope county and its

officers to enjoin them from removing the schoolhouse in said district to another site therein, and, from a judgment of dismissal, appeals to this court.

At its regular annual meeting, held on June 26, 1905, the following motion was carried by more than a two-thirds vote: "Moved and carried to move the site of the schoolhouse to the southeast corner of the northeast quarter of section 22." It will be observed that no township or range is mentioned. It is conceded that the district is composed of the south half of sections 13, 14 and 15, all of sections 22, 23 and 24, and the north half of sections 25, 26 and 27, in township 27, range 5. It will be further observed that there is but one section 22 within the district. It is conceded that at the time of this annual meeting the school district had not acquired a site in section 22, and that the officers of the district were not at that meeting authorized to procure a site. The appellant contends that the designation of the location was too indefinite, because it did not fix the township and range, and that the district had no authority to move the schoolhouse to section 22, because it had procured no site in that section on which to place the schoolhouse. As there was but one section 22 in the school district, we think it cannot be consistently urged that the location was not sufficiently definite. It is not to be presumed that the district would contemplate locating the schoolhouse outside of its boundaries, and, as there was but one location in the district that would correspond with that designated in the motion, it is evident that the location intended was the southeast corner of the northeast quarter of section 22, of township 27, range 5 west. The fact that the district had not acquired a site would, under the rule laid down in *Ladd v. School District*, 70 Neb. 438, be an insuperable barrier to the right of removal, were it not for the subsequent occurrences.

This action was instituted two days after the annual meeting. Five days thereafter the officers of the defendant district received and accepted a warranty deed to one acre

of ground in the southeast corner of the northeast quarter of said section 22 from the then owner. The consideration recited in the deed was $1, but, in fact, no consideration was paid therefor, the owner conveying the one acre to the district as a gift. This action of the district in so acquiring title to the one acre in question was set up by the defendants in their answer. In May of 1906, and while the action was pending in the district court, a special meeting of the electors of said district was called, at which the following motion was carried: "Moved and seconded that the school board of this district, School District No. 66, be authorized and directed to purchase or procure by gift or otherwise title to one acre at the S. E. corner of the N. E. quarter of section 22, Tp. 22, R. 5, in Antelope county, and if the same cannot be obtained by consent of the owner, to proceed to condemn the same for school purposes, and that when the title shall be so obtained, to proceed and move the schoolhouse to said place and properly place and locate the same thereon." Within a few days after this meeting a new deed was procured from the owner to an acre of land in the southeast corner of the northeast quarter of section 22, township 27, range 5, and the consideration of $5 paid therefor. These facts were set up in a supplemental answer filed by leave of court.

The plaintiff contends that the district did not acquire any title by the first deed, because the voters of the district had not previously directed the purchase of the site, and that, under the holding in *Ladd v. School District, supra,* the action of the officers in accepting said deed did not operate to vest any title in the district. That case was decided upon section 11038, Ann. St. It is in the following language: "The said qualified voters shall also have power at any annual or special meeting, to direct the purchasing or leasing of any appropriate site, and the building, hiring, or purchasing of a schoolhouse, and the amount necessary to be expended the succeeding year, and to vote a tax on the property of the district for the payment of

the same." We are of the opinion that one of the objects of this section was to require the officers of a school district to first procure the assent of the voters before using the money of the district with which to pur- chase a schoolhouse site. It is doubtless true that, tech- nically speaking, a conveyance by deed as a gift comes within the term purchase. We think the intention of the statute was to prevent the expenditure of the school district's funds, except upon the authority of the voters. But we do not think it was the intention of the legislature to prevent the acquisition of title to a schoolhouse site, to which two-thirds and more of the voters of the district had properly directed the change at their annual meeting, when the same could be acquired without the expenditure of any of the school district's funds. The voters had already directed the removal of the schoolhouse to the particular site, and had properly and lawfully indicated their wish to have the schoolhouse located at that particu- lar place. We think it would be idle and foolish to hold that the officers of the district had not power to accept a donation that was for the benefit of the district, and to accept the site and title thereto, when the same was ten- dered free of cost to the district. Still, if it should be held that the officers of the district were without authority to accept the deed and title when they were tendered as a donation, the subsequent action taken in May, 1906, was sufficient to vest the title in the district.

It will be observed by reading the motion passed at the special meeting held in May, 1906, that the description locates the section in township 22, instead of in township 27. That would be 30 miles south of the point where it was desired to locate the schoolhouse, and not only out- side of the district, but outside of Antelope county. In other words, it would be an impossible description. As was observed above, there was only one section 22 within the district, and it cannot be presumed that the voters had in mind a location outside of their district, or outside of their county. Nor can it be seriously urged that any

one would be misled as to the location intended. We think all of the description coming after the words "section 22" in the motion might be wholly disregarded as surplusage. It cannot be doubted that the giving of township 22, instead of township 27, was a clerical error, and should be disregarded. The action at the special meeting held in May, 1906, was sufficient to authorize the purchase of the site in question.

Appellant contends, however, that the action in May, 1906, was insufficient to authorize the removal of the schoolhouse to a new site, because such authority could only be given at the annual meeting and must be by a two-thirds vote, while the record shows that the motion only prevailed by a majority vote. We agree with the appellant upon both of these propositions.

Appellant further contends, as above stated, that the action of the school board at its annual meeting in 1905 to change the site of the schoolhouse was void, because a site had not been previously obtained. In this contention we cannot agree. The statute does not require that the site should be first procured before a change of the site is authorized. The holdings of this court do require the acquisition of a site prior to the actual removal. We think it would be illogical to hold that the district should first procure the site before authorizing the removal of the schoolhouse to it. The purchase of a site may be authorized upon a majority vote. Suppose that a majority vote authorized the purchase of a site, then it would require a two-thirds vote to authorize the change. We think it more logical to authorize the change by a two-thirds vote and thereafter to acquire the title to the proposed site by a majority vote.

In our view of the case, the action of the school district at the annual meeting in 1905 was sufficient to authorize the change in site, and that, as soon as the title was acquired to the proposed site, the removal of the schoolhouse thereto was authorized.

It follows that the judgment of the district court is right and should be affirmed.

DUFFIE and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.