WILLIAM BECKMAN et al., Appellants, v. MRS. FRANK BEL-YEA et al., as Members and Constituting the School Board of Dodd's School District, and Nelson County, North Dakota et al., Respondents.

(236 N. W. 361.)

Opinion filed April 27, 1931.

*F. T. Cuthbert,* for appellants.
*Traynor & Traynor,* for respondents.

BURR, J. This case is a companion case to that of Mootz v. Belyea decided at this term [post, 741, — A.L.R. —, 236 N. W. 358]. It appears there are four schools in the District and four teachers to employ. At the time the contract was entered into with Mary Mootz to teach School No. 2 as shown in her case, the board employed Anne Collins to teach School No. 1. When the new board decided "that Mary Mootz was not legally hired and she should be notified to that effect," it transferred Anne Collins to School No. 2 and employed one Signy K. Stoner to teach School No. 1 in place of Anne Collins. Contracts were signed for the term of nine months each, beginning September 8, 1930, with agreed compensations, the teachers immediately took charge of the schools, have been teaching ever since with the full consent and acquiescence of the school board and under its direction, and there is no question raised as to their competency.

The plaintiffs bring this action to enjoin the school board from paying out any money to Anne Collins or to Signy K. Stoner, from interfering with Mary Mootz as teacher in School No. 2, and to compel them to observe the contract set forth by Mary Mootz in her case against the school board.

Some question was raised in regard to the legality of the action of this new Board and on October 20, 1930 a special meeting of the board was legally called and the record shows the previous action of the board in employing Signy K. Stoner for School No. 1 and Anne Collins for School No. 2, together with two other teachers for Schools No. 3 and No. 4 was approved, and these said teachers "are hereby declared duly elected for the current school year as such teachers." This proceeding cured any informality there may have been and ratified the informal action, making the contract valid from its inception.

See Ryan v. Humphries, 50 Okla. 343, L.R.A.1915F, 1047, 150 Pac. 1106; Crane v. School Dist. 61 Mich. 299, 28 N. W. 105.

It is undisputed that Signy K. Stoner has been teaching School No. 1 and Anne Collins has been teaching School No. 2. Neither of these is made a party to this action. Mary Mootz may have been dismissed illegally. We do not determine this matter in her case. She may have a cause of action for salary. That is a matter which must be determined in another proceeding; but according to this record Signy K. Stoner and Anne Collins have valid contracts and they have been performing and are performing services for the school district under these contracts. Because a board may breach a contract with a teacher and employ another in her place does not prevent the second employee from recovering her compensation. Even under the theory of the plaintiffs Anne Collins was legally employed to teach School No. 1. The school board has charge of the public schools of the district and transferred her to School No. 2, giving her another contract. Plaintiffs claim that the first contract between the school district and Miss Collins is still in force, but the undisputed facts show the parties to that contract mutually set it aside, and entered into the second contract.

We are not discussing the question of the right of the plaintiffs to bring this action. They are taxpayers in the school district and most of them are residents therein. We are not discussing the failure to make Signy K. Stoner and Anne Collins parties to this action. We are determining it on the broad ground of whether, under any set of facts consistent with the position of the plaintiffs, an injunctional order should issue.

So far as injoining the board from dismissing Mary Mootz is concerned the action will not lie. The relators can not champion her in this manner. As to Signy K. Stoner and Anne Collins it is enough to say that so far as the record shows they are entitled to their compensation.

The trial court denied the temporary injunction and the plaintiffs appeal from the order. This action of the court was correct and the order denying the temporary injunction is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.