## Parrott v. Hughes, et al.

1. PARTIES: JUNIOR MORTGAGES.  Junior mortgagees may, upon their own applications, be made parties to a proceeding instituted by a senior mortgagee to foreclose and sell the mortgaged property.

*Appeal from Benton District Court.*

TUESDAY, JUNE 12.

THE facts are stated in the opinion of the Court.    The defendants appeal.

*Shane & McCartney* for the appellants, contended that the engine and machinery were  fixtures, a part of the freehold, (*Teaff* v. *Hewett*, 1 Ohio State 511,) and that the subsequent mortgagee of the  realty had a  direct interest in the subject matter of the suit.

*Hubbard & Stephens* for the appellees.

LOWE, C. J.—From the facts in this case it appears that on the 10th day of September, 1857, the defendant, Hughes, executed and delivered to the plaintiff a chattel mortgage on a stationary steam engine, which was duly recorded according to law.   The mortgagor remaining in possession of said engine, afterwards in connection with one Hiram Clime, set it up permanently in a saw mill, without objection on the part of the mortgagee, and it thereby became a fixture and

a part of the freehold as was alleged. On the 10th day of July, 1858, following the erection of said saw mill, Hughes and Clime borrowed of Hiram Roselle, Hiram Thompson, Lewis W. Bryson and Heman Morse, $300, and gave to them a mortgage upon the premises upon which said mill and engine were situated. These last mortgagees claim that they had no actual notice of the first mortgage, nor constructive notice so far as the records in which real estate mortgages are recorded, imported. On the 10th of February, 1860, plaintiff commenced his suit to foreclose his chattel mortgage aforesaid; and at the March Term, 1860, of the District Court of Benton county, the appellants, Roselle, Thompson, Bryson and Morse, filed their petition setting forth substantially the foregoing facts; asking the court that they may also be made parties to said suit; claiming to have an interest in the engine, the equity of redemption of which was sought to be foreclosed by plaintiff against the defendant Hughes. This application was overruled by the court, and the order denying the right to petitioners to become parties is made the ground of error in this court and we think is well assigned. Section 1684 of the Code was intended among others to meet this description of cases, and it is difficult to perceive what objection there could be in allowing the applicants to become parties, that the relative rights of all the incumbrancers might be determined and adjusted according to their several legal merits and priorities. The reason as well as the object of the Code bearing upon this point is so clear and obvious that further comment or exposition is not called for.

The decision and order of the court in the premises are reversed, and the cause remanded for further proceedings in accordance with this opinion.

Reversed.