(100 N. W. 1079.)

---

## OLE HANSON v. OTTO CARLBLOM.

Opinion filed September 10, 1904.

**Mistrial — Right of Jury Trial — Reversal on Appeal.**

> 1. A statement of case which shows that a law action triable to a jury as a matter of strict legal right was tried to the court without a jury, under section 5630, Rev. Codes 1890, over defendant's objection, and a jury was not waived, presents a mistrial, which requires a reversal of the judgment and a new trial.

Appeal from District Court, Sargent county; Lauder, J.

Action by Ole Hanson against Otto Carlblom. Judgment for defendant and plaintiff appeals.

Reversed.

*O. S. Sem,* for appellant.

This is an action in equity to renew and perpetuate a judgment and as there are no facts in dispute there is nothing for a jury. Woodbridge v. Austin, 47 N. W. 876.

*A. G. Divet,* for respondent.

An action upon a judgment of another court is an action for a debt and is but one for the recovery of money. Andrus v. Montgomery, 19 John. N. Y. 162; Clark v. Goodwin, 14 Mass. 237; Stearns v. Fisher, 30 Vt. 198; Ames v. Hoy, 12 Cal. 11; Daudio v. Doll, 2 Johns, N. Y. 98; Hole v. Angell, 20 Johns 341; Townsend v. Carman, 6 Cowan 695.

There is no action known to our law to revive or perpetuate a judgment, and if there were this is not one. Mawhinney v. Doane, 20 Pac. 488; Eldredge v. Aultman, Miller & Co., 53 N. W. 1008.

The defendant being entitled to a jury trial, this court cannot render a judgment against him.

PER CURIAM. The plaintiff brought this action in district court to recover a balance due upon a judgment rendered in justice's court. Over the defendant's objection, the case was tried to the court without a jury, under section 5630, Rev. Codes 1899, and resulted in findings against the plaintiff and a judgment dismissing his action. He has appealed from the judgment, and in a statement of case containing all of the evidence offered has demanded a retrial of the entire case in this court, under the provisions of the above section.

We are unable to retry the case, and for reasons which are fundamental. The action is at law for the recovery of money only, and was triable to a jury as a matter of strict legal right. The answer presents no equitable issues whatever. The statement of case shows that the defendant demanded a jury trial. This he was entitled to, and his right thereto was not waived. On the contrary, it was insisted upon in the district court, and is again urged in this court. Upon this state of facts the trial court has no authority of law to try the case without a jury, and for the same reason this court is also without authority to enter upon a retrial. The record presents a mistrial similar to Peckham v. Van Bergen, 8 N. D. 595, 80 N. W. 760.

The district court is directed to vacate the judgment and order a new trial. Neither party will recover costs on this appeal. All concur.