(122 App. Div. 433.)

## WUERTZ v. BRAUN et al.

(Supreme Court, Appellate Division, Second Department. November 29, 1907.)

CHATTEL MORTGAGES—RIGHT TO FORECLOSE.

      A vendor of a piano is entitled to foreclosure of a purchase price mortgage as against the wife, notwithstanding the husband executed the same, where the piano is in her possession.

Appeal from Municipal Court, Borough of Brooklyn, Fifth District.

Action by Otto W. Wuertz against Irma Braun and another. Judgment for defendant Irma Braun, and plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

C. Bertram Plante, for appellant.

HOOKER, J. This action is to foreclose a lien on a piano. The appeal is by the plaintiff from a judgment dismissing the complaint upon the merits. The case was before this court on an appeal from a judgment dismissing the complaint at the first trial (Wuertz v. Braun, 113 App. Div. 459, 99 N. Y. Supp. 340), and we then held that the plaintiff made out a prima facie case and should not have been dismissed. The defendant Irma Braun is the wife of the defendant Isidor Braun. She alone was personally served and alone answers. Her husband deserted her between the time of the purchase of the piano and the commencement of the action.

The facts which were admitted by the defendant entitle the plaintiff to a judgment of the foreclosure of his lien. Irrespective of the evidence offered on behalf of the plaintiff, it appears from the evidence of the defendant and admissions made by her that she talked with the plaintiff about the purchase of a piano by her husband as a present for her son; that the piano was delivered at her house to

her husband, who at that time paid $10 on account of the purchase price, and executed the chattel mortgage in evidence, and for whose foreclosure this action was brought; that some payments have been made on the the purchase price, but she is unable to state the exact status of the account; that, when her husband abandoned her, she went into possession of the piano, and it is now with her parents. The record shows indisputably that at the time of the commencement of the action the piano was in her possession, and failure to consent to a sale for the purposes of applying the proceeds in payment of the amount due is evident from the fact that, upon her motion, an order was made in the Municipal Court, soon after the commencement of the action, vacating a warrant of seizure which had theretofore been executed. The plaintiff sold the piano. The purchase price was not all paid. He took a chattel mortgage to secure the balance. There was due at the day of the trial the sum of $77.90, and the plaintiff is entitled to the foreclosure of his lien, irrespective of whether the answering defendant or her husband executed the chattel mortgage. The complaint does not demand any personal judgment against the answering defendant, and it is therefore evident that the only possible defense that she could urge was that she had not been in possession. But the piano was seized at the time the action was commenced while under her physical control, and her only defense fails.

The judgment should be reversed and a new trial ordered, costs to abide the event. All concur.