# APPELLATE DIVISION

### OF THE

# SUPREME COURT

### OF THE

## State of New York.

---

LEO FINKENBERG, Respondent, *v.* MOSES LEVINSON and BELL G. LEVINSON, Appellants.

First Department, May 14, 1920.

**Chattel mortgages — pledge of personal property stored in warehouse to secure payment of loan — pleading — complaint in suit by lender to enforce payment for collateral not stating cause in equity — conveyance absolute upon its face intended as security only — when other creditor necessary party.**

A complaint which in substance alleges that the defendants having stored certain personal property with a warehouseman gave to the plaintiff a bill of sale of said property as collateral security for a loan and also delivered to the plaintiff the storage receipts issued by the warehouseman and that no part of the loan has been paid after due demand, and that only a part of a loan to another creditor of the defendants has been paid, does not state a cause in equity against the defendants, who have been interpleaded on the motion of the warehouseman who refused to deliver the property to the plaintiff, to obtain a decree declaring that the plaintiff is the owner of the property and entitled to possession thereof.

In such suit in equity the court will not direct a delivery of the collateral to the plaintiff but will direct that it be sold and that the loan be discharged out of the proceeds and the surplus, if any, paid over to the owners of the property.

Although a bill of sale of personal property purports to be an absolute conveyance it only amounts to a mortgage if the conveyance was made to secure the payment of a debt.

In such suit the other creditor is a necessary party in order that the debt may be discharged out of the proceeds of the sale. Hence a demurrer to said complaint is good upon the ground of defect of parties as well as because of its failure to show that the plaintiff is entitled to the equitable relief demanded.

APPEAL by the defendants, Moses Levinson and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of February, 1920, overruling the defendants' demurrer and granting the plaintiff's motion for judgment on the pleadings.

*Sam L. Cohen,* for the appellants.

*Samuel I. Goldberg,* for the respondent.

PAGE, J.:

The defendant Moses Levinson stored certain household goods with the Liberty Storage and Warehouse Company and received warehouse receipts therefor.

The defendants negotiated a loan of $2,500 from Levin-Burgh, Inc., and gave four promissory notes therefor. The plaintiff also loaned to the defendants the sum of $2,500, to be repaid, with interest, on or before June 1, 1917. Simultaneously with the execution and delivery of these notes defendants executed and delivered to plaintiff a bill of sale, a copy of which is annexed to the complaint, of the property stored with the Liberty Storage and Warehouse Company as collateral security for said loans, as shown by a separate instrument annexed to the complaint as Exhibit B. At the time the bill of sale was delivered the defendant Moses Levinson delivered to the plaintiff four storage receipts issued by the said Liberty Storage and Warehouse Company covering the property embraced in the bill of sale. The complaint further alleges that no part of the $2,500 due to plaintiff has been paid, and that $1,500 only has been paid to Levin-Burgh, Inc., leaving a balance due to Levin-Burgh, Inc., from the defendants of $1,000. After the default in payment the plaintiff demanded the goods of the Liberty Storage and Warehouse Company and on its refusal to deliver the same, brought an action to recover the possession thereof. The Liberty Storage and Warehouse Company thereupon moved

that the defendants herein be interpleaded, and an order was made to that effect. The plaintiff reframed his complaint, setting forth the facts above alleged, and demands judgment that the plaintiff be declared the true and lawful owner of said property and entitled to the possession thereof, and requiring the warehouse company to deliver over to the plaintiff the property.

Although the bill of sale purports to be an absolute conveyance of the chattels to the plaintiff, Exhibit B annexed to the complaint shows that the property was transferred as security for a debt and that the same should be retransferred to the defendants on the payment of the debt. Thus the two papers (Exhibits A and B) construed together show that the real transaction was not a sale but a mortgage on the chattels.

We are not advised by the complaint whether the defendants were interpleaded under section 103 of the General Business Law or section 820 of the Code of Civil Procedure. The plaintiff claims that he has reframed his complaint to state a cause of action in equity instead of a cause of action at law. The facts stated in this complaint demonstrate that the plaintiff, although he might be entitled to the possession of the chattels, is not the true and lawful owner thereof, but that if he took the same actually into his possession he would still hold them subject to the terms of the mortgage, and where a party holding collateral security for a loan comes into a court of equity for the purpose of enforcing payment of the loan from the collateral, the court will not direct delivery of the collateral to the plaintiff but will direct that the property be sold, and out of the proceeds of the sale the loan be discharged and the surplus of the proceeds of the sale, if any, be paid over to the owners thereof.

In an action of this character Levin-Burgh, Inc., is a necessary party, in order that their debt may be discharged out of the proceeds of the sale. In my opinion, therefore, the demurrer was well founded, there is a defect of parties, and the complaint does not state a cause of action showing the defendants to be entitled to the equitable relief demanded.

The order should be reversed, with ten dollars costs and disbursements, and the plaintiff's motion for judgment on the pleadings denied and defendants' cross-motion for an order

sustaining the demurrer and dismissing the complaint be granted, with ten dollars costs, with leave to the plaintiff to serve an amended complaint within ten days.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ., concur.

Order reversed, with ten dollars costs and disbursements, plaintiff's motion for judgment on the pleadings denied, defendants' motion to sustain demurrer and dismiss complaint granted, with ten dollars costs, with leave to plaintiff to amend complaint on payment of said costs.