[File No. 6299.]

FIRST NATIONAL BANK OF DICKINSON, a Corporation, Respondent, v. WALTER R. KLING and R. S. Brookings, and R. S. BROOKINGS, Appellant.

(257 N. W. 631.)

Opinion filed December 1, 1934.   Rehearing denied December 20, 1934.

*C. H. Starke,* for appellant.

266

*Simpson, Mackoff & Kellogg,* for respondent.

BURKE, J. This is an action to foreclose a chattel mortgage executed by the defendant, Walter R. Kling, to the First National Bank of Dickinson, North Dakota, to secure the payment of an indebtedness owing by the said defendant, Kling, to said bank. Attached to the complaint is a copy of the mortgage, in which the defendant, Kling, mortgages to the bank "Forty Five (45) head, or more, of mixed Percheron and

Beligian horses, various colors, and running in ages from yearlings to nine years old, mostly unbranded, it being understood and agreed that the above described horses are ranging with horses owned by R. S. Brookings all of which are branded $\overline{\underline{3}}$ (bar 3 bar) or $\overline{\underline{E}}$ (bar E bar) on the right shoulder, and that the horses herein mortgaged are owned solely by me and in which R. S. Brookings has no interest whatsoever, the horses owned by him being all branded with his brand or brands, and none of the horses which are owned by me carry any of the brands of R. S. Brookings, except in which I have an undivided half interest with R. S. Brookings, it being further understood and agreed that this mortgage is intended to cover and does cover all the horses owned by me of whatever description, with or without brands or marks, and of whatever age, color, sex, brand or description, with or without brands."

Paragraph nine of the complaint alleges "That the defendant, Walter R. Kling, without the knowledge and consent of this plaintiff, and subsequent to the giving of these mortgages to the plaintiff, branded twenty (20) of the horses mentioned and described in Exhibit "A," and upon which this plaintiff held a first mortgage, and which horses were the individual property of the defendant, Walter R. Kling, with the brand $\overline{\underline{E}}$ on the right shoulder, which brand belongs to and is the property of the Defendant, R. S. Brookings; that the said R. S. Brookings now claims the ownership of the said twenty head of horses now bearing the brand $\overline{\underline{E}}$, but which are the separate and individual property of the Defendant, Walter R. Kling, and upon which the Plaintiff holds a first mortgage, and that the claim to the said twenty head of horses by the said Defendant, R. S. Brookings, is subject to and inferior to the lien and mortgage of this plaintiff mentioned and described as Exhibit "A," and that the said Defendant, R. S. Brookings, has possessed himself of the said twenty head of horses and holds the same claiming the right of ownership thereto, but that such is subject to the lien and mortgage, Exhibit "A," which the Plaintiff owns and holds." To this paragraph in the complaint there is an amendment, reading as follows: "That the defendant, R. S. Brookings, claims some interest, or lien, or incumbrance upon the property mentioned and described in Exhibits "A" and "B," but that such claim, lien or incumbrance of said R. S. Brookings is inferior and subject to the mortgage and lien and claim of the Plaintiff herein."

Upon the filing of the complaint and the undertaking required by law, the statutory warrant was issued under which the sheriff was ordered to seize the horses described in the mortgage belonging to the defendant, Walter R. Kling, and by virtue of this warrant the sheriff seized and took into his possession twenty head of horses branded $\bar{E}$ on the right shoulder, the defendant Brookings' brand.

The defendant Kling defaulted and the defendant Brookings demurred to the complaint on the ground: "(1) That several causes of action have been improperly united. (2) That the Complaint does not state facts sufficient to constitute a cause of action against the defendant, R. S. Brookings."

The demurrer was overruled and the defendant, Brookings, filed an answer and thereafter filed a supplemental answer denying "That he claims or at any time did claim any interest in any horses belonging to the defendant Walter R. Kling. . . . Alleges that he is the owner of the brand $\bar{E}$ and the horses and cattle bearing that brand; . . . That this defendant has no knowledge of the fraudulent branding of horses belonging to the defendant, Walter R. Kling, and mortgaged to the plaintiff, and therefore puts the plaintiff to the proof," that the horses taken by the sheriff "and branded with this defendant's brand $\bar{E}$ were the horses of the defendant, Walter R. Kling, and subject to the plaintiff's mortgage. The defendant specially denies that the following horses described in the notice and bill of particulars furnished to the defendant are or ever have been the property of the defendant Walter R. Kling, or subject to the Plaintiff's mortgage: 1 sorrel gelding, wht. strip in face, wht. feet, 1 bay mare, wht. strip in face, 1 bay original colt, wht. hind feet, and rt. front foot, 1 bay stud, wire cut on lft. hind leg, small wht. spot in forehead, 1 bay mare, white hind feet, 1 brown mare, 900 lbs., 1 brown mare 950 lbs., 1 small mare colt, star on forehead, 1 yearling stud, brown, wht. spot on forehead. . . . Defendant alleges that he is the owner of and entitled to the possession of all the horses branded $\bar{E}$."

In paragraph six of the supplemental answer twenty-one head of horses, taken by the sheriff under the warrant, are described and claimed as the property of the defendant, Brookings, who prays judgment that the plaintiff take nothing against this defendant and that the defendant, R. S. Brookings, have judgment against the plaintiff.

The case being on the calendar for trial at the September, 1932, term of court, the defendant, Brookings, by his attorney, moved for a trial by jury, which motion was denied by Judge Pugh, the presiding judge. At the opening of the May, 1933 term, the defendant renewed his motion for a jury trial upon the issues raised by his answer and the motion was overruled by Judge Berry, the presiding judge. At the April, 1934, term of court the defendant again demanded a jury trial, which was denied, judgment was rendered for the plaintiff and defendant, R. S. Brookings, appeals from the judgment.

Appellant claims, first, that the court erred in overruling the demurrer to the complaint on the ground of misjoinder of actions.

Under § 7355, Compiled Laws, 1913, the distinction between actions at law and suits in equity is abolished and there is but one form of action for the enforcement or protection of private rights and the redress of private wrongs which is denominated a civil action. Under § 7407, Compiled Laws 1913, any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff or who is a necessary party to the complete determination or settlement of the questions involved therein. Under § 7468, Compiled Laws 1913, the plaintiff may unite in the same complaint several causes of action, whether they are such as have been heretofore denominated legal or equitable, or both, where they all arise out of the same transaction, or transactions connected with the same subject of the action.

Under these statutes there is but one form of action denominated a civil action in which any person may be made a defendant who has or claims an interest adverse to the plaintiff or who is a necessary party to the complete determination or settlement of the questions involved therein and the plaintiff in bringing his action may unite in the same complaint several causes of action, whether they are such as have been heretofore denominated legal or equitable, or both, and arise out of the same transaction or transactions connected with the same subject of the action.

From the complaint in the instant case it appears that a past due mortgage, given by the defendant, Kling, to the plaintiff, is being foreclosed. It further appears that the defendant, Brookings, has an adverse interest to the claim of the plaintiff in the mortgaged property and is, therefore, a proper party to a complete determination or settle-

ment of the question of the rights of the defendant, Brookings, and the plaintiff to said property. Golly v. Kiner, 50 N. D. 800, 197 N. W. 883.

"The mortgagor and every other person having an interest in the mortgaged property should be made defendants to the bill, so that their claims and equities in the property may be cut off." 2 Jones, Chat. Mortg. pp. 554, 555; Tucker v. Pilcher, 199 Ala. 609, 75 So. 171; Bank of Roberts v. Olaveson, 38 Idaho, 223, 221 P. 560; Greither v. Alexander, 15 Iowa, 470; Wuertz v. Braun, 122 App. Div. 433, 107 N. Y. S. 429; Bauman v. Kuhn, 57 Misc. 618, 108 N. Y. S. 773; Finkenberg v. Levinson, 192 App. Div. 1, 182 N. Y. S. 18; Neblett v. Barron (Tex. Civ. App.) 160 S. W. 1167; Coleman Nat. Bank v. Cathey (Tex. Civ. App.) 185 S. W. 661; Bollen v. Wilson Creek Union Grain & Trading Co. 90 Wash. 400, 156 P. 404. A purchaser of the mortgaged property, or of any part of it, from the mortgagor, should be made a party defendant with the latter. Butler v. Henry, 202 Ala. 155, 79 So. 630; Trittipo v. Edwards, 35 Ind. 467; Kenyon v. Wilson, 78 Iowa, 408, 43 N. W. 227; Parrott v. Hughes, 10 Iowa, 459.

It follows that the cause of action against the defendant, Brookings, may be joined in the action against Kling to foreclose the mortgage and the demurrer was properly overruled.

It is the further contention of the appellant that the court erred in refusing him a jury trial. As already stated, the complaint in this action sets forth a cause of action for both legal and equitable relief. The amendment to the complaint does allege that the defendant, Brookings, claims some interest or lien or incumbrance upon the property mentioned and described in exhibits "A" and "B," but that such claim, lien or incumbrance of the said R. S. Brookings is inferior and subject to the lien of the plaintiff herein; but it is also alleged that he is claiming as the owner.

It is clear from all the allegations in the complaint and the answer that Brookings does not claim any equitable interest in the horses but claims to be the absolute owner so that the real issue involves the title and possession of the personal property. In determining the right to a jury trial the courts are not bound by the pleadings or the form of the action but by the real, meritorious controversy between the parties as shown by all the pleadings in the case. Plaintiff cannot, by framing

his complaint so that his action, under the old proceeding, would be one cognizable by a court of equity, select the forum in which the issue shall be tried and thereby defeat the defendants' constitutional right of trial by jury. 16 R. C. L. 212, § 29.

Under the provisions of § 7608, Compiled Laws 1913, an action for the recovery of personal property must be tried by a jury unless a jury trial is waived.

It is well settled that the abolition of the distinction between law and equitable actions has made no change in remedies and remedial rights in use under the former system. Burrows v. Paulson, 64 N. D. 557, 254 N. W. 471. The right of trial by jury is preserved in § 7 of the Constitution of the state as it existed at common law and as stated in Pomeroy's Code Remedies, 5th ed. § 25: "As to the mode of trial when the complaint or petition sets forth an equitable and a legal cause of action, there is some diversity in the practice of the several States. The constitutions protecting the jury trial in common-law cases in which it had been customarily used, the defendant may, of course, insist that the legal issues shall be passed upon by a jury." Northwestern Nat. Bank v. Howlett, 63 N. D. 163, 247 N. W. 57; Hart v. Wyndmere, 21 N. D. 383, 131 N. W. 271, Ann. Cas. 1913D, 169; Farmers' Nat. Bank v. L. Tudor & Son, 48 N. D. 200, 211, 183 N. W. 845.

The right to trial by jury is well stated in the case of Davis v. Morris, 36 N. Y. 569. The action was brought by a receiver claiming to recover rents against the defendant upon equitable grounds. The defendant insisted that the case should be tried by jury. This was denied by the court and the cause tried without a jury. On appeal the court said:

"Section 69 abolishes the distinction between actions at law and suits in equity, and provides, that thereafter, there shall be in this state but one form of action for the enforcement or protection of private rights, etc. Section 142 provides, that the complaint shall contain a plain and concise statement of the facts constituting a cause of action. When, as in the present case, the complaint states facts showing, as the plaintiff claims, a right of recovery both in equity and at law, the question as to how the case is to be tried arises. The Constitution, article 2, § 2, provides, that the trial by jury, in all cases in which it has heretofore been used, shall remain inviolate for ever, but a jury trial may be waived by the parties, in all civil cases, in the manner prescribed by law. At the

time of the adoption of the constitution, all cases at common law were tried by jury. It follows, that any party has the right to have any such action so tried, at the present time, and that he cannot be deprived of this right, if defendant, by the plaintiff including in his complaint a statement of facts arising out of the transaction, showing a right of recovery in equity. . . .

"Under the Code it is clear, that the facts entitling the party to both kinds of relief may be included in the same complaint, and both attained in the same action, when arising out of the same transaction. The right founded upon the common law must be tried by jury. . . . It would follow, that when a plaintiff moved the trial of a cause at special term, and the defendant demanded that it be tried by jury, the judge must determine whether any of the grounds upon which a recovery was sought were such as, at the adoption of the constitution, were redressed solely by an action at law, and if so, should direct the cause to be tried by jury, at a circuit, or, at all events, should refuse to try the cause without a jury."

The defendant, Brookings, is a stranger to the mortgage and as to him the action is to determine the title to and the right of possession of personal property.

In an action to foreclose a mortgage or other lien the plaintiff may unite all his causes of action arising from the same transaction or transactions connected with the subject of the same action, but in doing so, if he brings in a third party, a stranger to the mortgage, who claims to be the owner and entitled to possession of the property, his action to foreclose does not deprive such third party of his right to a trial by jury. The title and possession of specific personal property, prior to the adoption of the constitution, was triable to a jury and remains inviolate under § 7 of the Constitution. The right is also protected by the statute, § 7609, Compiled Laws 1913, unless a jury is waived. A jury was not waived but was demanded on every possible occasion.

The judgment is reversed and a new trial is ordered with costs of appeal to the defendant.

BURR, Ch. J., and CHRISTIANSON and MOELLRING, JJ., concur.

NUESSLE, J. I cannot agree with all of the reasoning of the foregoing opinion but I concur in the result.