[File No. 7029]

GOTTLIEB RIVINIUS, Sr., as Administrator with the Will Annexed of the Estate of H. M. Nuss, Deceased, Respondent, v. THEODORE H. HUBER, Appellant.

(24 NW2d 911.)

Opinion filed November 27, 1946.

*Murray & Murray,* for appellant.
*Edmund Dubs* and *Scott Cameron,* for respondent.

PER CURIAM. The complaint sets forth that the plaintiff is the administrator of the estate of H. M. Nuss deceased; that the decedent, at the time of his death, was the owner of a half section of land, describing it; that the defendant farmed the land in 1944 as tenant; that defendant has failed to pay the rent due from him; that the plaintiff is entitled to a share of the crops raised by the tenant and the rents and profits of the land.

Plaintiff asks that the defendant be required to show the amount of the crop that was raised and that plaintiff have judgment for the value of one-fourth thereof.

When the case was called defendant moved for a jury trial. The court overruled the motion on the theory allegations in the answer raised equitable issues. The court tried the case over the objections of the defendant, rendered judgment for plaintiff, and the defendant has appealed.

That plaintiff is the administrator of the alleged estate is admitted. The only issue necessary to consider is the specification of error based upon the refusal of the court to grant a jury trial.

Section 28–1206 of the Revised Code provides: "An issue of fact in an action for the recovery of money only . . . must be tried by a jury, unless a jury trial is waived, . . . ." In Hanson v. Carlblom, 13 ND 361, 100 NW 1084, we hold:

"A statement of case which shows that a law action triable to a jury as a matter of strict legal right was tried to the court without a jury, . . . , over defendant's objection, and a jury was not waived, presents a mistrial, which requires a reversal of the judgment and a new trial."

In fact, so important is the right of the defendant to a trial by jury in this class of action specified by the code, that even where "the complaint prays for both legal and equitable relief, but the former alone is warranted by the facts pleaded, it is error to deny defendant's demand for a jury trial." Gorthy v. Jarvis, 15 ND 509, 108 NW 39. See also Kilgore v. Farmers Union Oil Co. ante, 640, 24 NE2d 26; First Nat. Bank v. Kling, 65 ND 264, 257 NW 631.

The nature of an action must be determined by the allegations in the complaint. Kilgore v. Farmers Union Oil Co. ante, 640, 24 NW2d 26, supra; Cooke v. Northern P. R. Co. 22 ND 266, 270, 133 NW 303, 304; Knapp v. Minneapolis, St. P. & S. Ste. M. R. Co. 34 ND 466, 490, 159 NW 81, 89. In this latter case we show very succinctly that:

"It may be considered a settled point, on principle and authority, that the nature of the cause of action is determined by the allegations of the complaint, so that the inquiry need never extend beyond this first pleading in this suit."

Clearly the action set forth in the complaint is an action to recover money from the tenant even though the plaintiff, in his complaint, alleges that he does not know the exact amount which he is entitled to recover. The complaint is somewhat vague and indefinite but it is clear plaintiff is claiming the value of a quarter of the crop raised as the amount of rent due. The indefinite-

ness arises from plaintiff's ignorance as to the amount and value of this crop. He asks that the defendant be required "to account for the entire amount of crops grown—as to kinds and quantity and value thereof" and that the plaintiff receive judgment for "one-fourth of the said crops."

The fact that a landlord finds it necessary to demand an accounting from his tenant so as to ascertain the amount and value of the crops raised in order to determine the amount of rent due is not controlling. "In an action for damages for the breach of contract the defendant cannot be deprived of a trial by jury because the plaintiff prays that defendant be required to account." Kilgore v. Farmers Union Oil Co. ante, 640, 24 NW2d 26, supra. This method of ascertainment of amount no more changes the nature of the action than it would in any dispute between landlord and tenant over amount of rent due because of partial payments.

The court was in error in denying the demand of the defendant for a jury trial. The judgment therefore is reversed and a new trial ordered.

CHRISTIANSON, Ch. J., BURR, NUESSLE, BURKE and MORRIS, JJ. concur.