Sam **DOBERVICH, Plaintiff and Appellee,**

v.

**CENTRAL CASS PUBLIC SCHOOL DISTRICT NO. 17, a public corporation, Defendant and Appellant.**

Civ. No. 9610.

Supreme Court of North Dakota.

Aug. 22, 1979.

* LARRY M. HATCH, District Judge, sitting in place of VANDE WALLE, J., disqualified.

Chapman & Chapman, Bismarck, for plaintiff and appellee; argued by Daniel J. Chapman, Bismarck.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellant; argued by John D. Kelly, Fargo.

PEDERSON, Justice (on reassignment).

This is an appeal by the School Board from a judgment entered upon a jury verdict in favor of Dobervich, which awarded him $10,000 damages. The judgment is reversed and the case is remanded for further proceedings in accordance herewith.

Dobervich was employed as a teacher in the high school distributive education program by Central Cass Public School District No. 17 from 1973 until the spring of 1977. By letter dated March 21, 1977, the Board notified Dobervich that it contemplated nonrenewal of his contract because of:

1. Poor motivation of the low academic achiever.

2. Substandard student project work.

3. Student attitude shows reluctance rather than cooperation in the learning process.

After a special board meeting held pursuant to the provisions of § 15–47–38(5), NDCC, the Board determined not to renew Dobervich's contract for the 1977–1978 school year. Dobervich brought an action in the district court seeking (1) to restrain the Board from filling the position with another teacher, (2) to require the Board to issue him a renewal contract, or, in the alternative, (3) damages. He demanded a jury trial (Rule 38(b), NDRCivP).

The Board, in its answer, denied certain conclusions pleaded in the complaint, alleged that the position previously held by Dobervich had been filled, and included therein a motion to dismiss on the ground that the complaint failed to state a cause of action (Rule 12(b)(5), NDRCivP). The Board did not respond to the demand for jury trial. Dobervich did not press further for an injunction or mandamus order. The Board did not get a ruling on its motion to dismiss that was in the answer.

The suit was tried to a jury. When Dobervich rested his case, the Board made motions, in effect, as follows:

A. That the following issues be withdrawn from the jury:

(1) Whether or not the Board acted in bad faith (because it was not alleged);

(2) Whether or not the reasons for nonrenewal were frivolous and arbitrary and whether or not these reasons related to Dobervich's ability, competency and qualifications as a teacher;

(3) Whether or not the Board complied with the statutes with respect to providing an explanation, discussion and confirmation of the reasons for contemplated nonrenewal;

(4) Whether or not the Board gave serious consideration to the damage that could result to the professional stature and reputation of Mr. Dobervich in reaching the decision not to renew his contract; and

(5) Whether or not the process was handled with consideration and dignity, giving maximum consideration to basic fairness and decency.

B. For a directed verdict of dismissal under Rule 50, NDRCivP, on the grounds that:

(1) There was no evidence that the Board had not acted in good faith;

(2) All of the evidence and all inferences therefrom showed that the nonrenewal was neither frivolous nor arbitrary but that the reasons for nonrenewal directly related to Dobervich's ability, competency and qualifications as a teacher; and

(3) There was no evidence that would support a finding by the jury that the reasons for nonrenewal were not discussed, explained and confirmed.

The trial court denied the motion to dismiss and the motion to withdraw issues from the jury, stating: ". . . according to my understanding of the statutes and of the applicable case laws, particularly the so-called *Baker* case . . ." [*Baker v. Minot Public School Dist. No. 1,* 253 N.W.2d 444 (N.D.1977)]. The Board then introduced very little additional evidence, rested, and again renewed its motions, which were again denied. Dobervich thereupon moved for a directed verdict on the issue of liability ". . . as a matter of law," and this motion was denied.

The case was then presented to the jury under instructions that were excepted to by the Board. The jury was not directed to return an advisory verdict. No special verdicts were requested. The jury returned a general verdict in favor of Dobervich and against the Board, and assessed $10,000 damages. Judgment was entered thereon, plus costs, and the Board appealed.

■ Other than those limited appeals authorized by § 15–53.1–32, NDCC, local school decisions are not appealable to the courts. This is not an appeal of an administrative determination and we must therefore distinguish our role and that of the trial court from that applicable in state agency appeals where the Administrative Agencies Practice Act (Ch. 28–32, NDCC) governs, as well as statutory appeals from local administrative determinations, such as from decisions of boards of county commissioners, § 11–11–39, NDCC. The law and precedent applicable here involves Chapters 32–05, 32–06 and 32–34, NDCC, and cases construing those statutes.

Dobervich brought this as an independent suit against the Board, seeking the equitable remedies, injunction and mandamus, and in the alternative, damages. Although, as in most opinions, there may be some language in *Baker v. Minot Public School Dist. No. 1, supra,* which may be ambiguous, the majority opinion treated the suit, which involved a nonrenewal and not a termination, as one in equity when it said, "Equity is not inflexible . . ." and "A lack of precedent is no obstacle to equitable relief . . .." *Baker v. Minot Public School Dist. No. 1, supra,* 253 N.W.2d at 451. The *Baker* majority opinion clearly considered the remedy of damages only available to Baker if circumstances made equitable relief impossible. See also, *Rolland v. Grand Forks Public School District No. 1,* 279 N.W.2d 889 (N.D.1979). The language in *Baker,* "The 1975 Legislative Assembly, by its amendments of § 15–47–38, N.D.C.C., has placed upon the courts of this State the responsibility of reviewing the decision of a

school board when an appeal is taken . . . ," should not be considered authorization to appeal. School board decisions have not been made appealable by statute or otherwise.

The first issue that we must resolve is whether or not it was error for the trial court to permit the questioned issues to go to the jury. Recently, in *Dorgan v. Kouba,* 274 N.W.2d 167, 169 (N.D.1979), we said that Section 7 of the North Dakota Constitution preserves a trial by jury in all cases in which it could have been demanded as a matter of right at common law. For further authority on right to jury trial see *Landers v. Goetz,* 264 N.W.2d 459, 461 (N.D. 1978); *Ziebarth v. Kalenze,* 238 N.W.2d 261, 267 (N.D.1976); *Tower City Grain Co. v. Richman,* 232 N.W.2d 61, 66 (N.D.1975); *C. I. T. Corporation v. Hetland,* 143 N.W.2d 94, 101 (N.D.1966); and *Kelly v. Armbrust,* 351 F.Supp. 869 (D.N.D.1972).

■ Even though one form of action has been substituted for actions at law and in equity, a distinction persists as far as the right to a jury trial is concerned. See 50 C.J.S. Juries § 23. This State has been more liberal than most in construing the guarantee of jury trial. See *Lehman v. Coulter,* 40 N.D. 177, 168 N.W. 724 (1918), and Annotation in 17 ALR3d 1321.

■ Generally, where both damages and an injunction are sought, the parties are entitled to a jury trial as to the damage claim unless the damage claim is merely incidental to and dependent on the right to an injunction. See 50 C.J.S. Juries § 35c, and *Harkless v. Sweeny Independent School District,* 427 F.2d 319 (5th Cir. 1970). It was held in *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974), that where a statute creates legal and equitable remedies, actions to enforce statutory rights require jury trials if demanded, and that the right cannot be abridged by characterizing the legal claim as "incidental" to the equitable relief sought. It is elementary that there is no right to a jury trial of issues of law as distinguished from issues of fact. See 47 Am.Jur.2d, Jury, § 15. Ordinarily, if there is no conflict in the evidence,

then the court is "compelled to withdraw the case from the jury's consideration." 47 Am.Jur.2d, Jury, § 15. This does not necessarily apply to advisory verdicts nor does it apply where there may be conflicting inferences from undisputed evidence. See *Schatz v. Jerke,* 199 N.W.2d 908 (N.D.1972), and cases cited therein which describe circumstances under which questions of fact may become questions of law. These are not the questions in this case.

This court said in *Gresens v. Martin,* 27 N.D. 231, 145 N.W. 823, 824 (1914):

"It has always been the province of the court in equity to determine issues of fact as well as of law; and, while the court may submit questions of fact to the jury, this is purely a matter of discretion, and the verdict in such cases is merely advisory."

Should the verdict in this case be considered advisory only? Rule 39(c), NDRCivP, provides:

"In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right."

In *Sprenger v. Sprenger,* 146 N.W.2d 36 (N.D.1966), although the action was equitable, this court said that with the consent of both parties the verdict had the same effect as if trial by jury had been a matter of right. See also, *Bolyea v. First Presbyterian Church of Wilton, N. D.,* 196 N.W.2d 149 (N.D.1972).

Rule 52(a), NDRCivP, requires that:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon . . . ."

■ If there was "consent of both parties" to trial by jury in this case, the jury verdict would consequently be given the same effect, on appeal, as any jury verdict. However, if there was no "consent of both

parties" we would give the verdict no consideration on appeal but would look to the trial court's findings of fact and conclusions of law.

■ One of the clearly established rules applicable to effective appeals to this court is that generally one cannot raise objections for the first time on appeal. We said in *State v. Haakenson,* 213 N.W.2d 394, 399 (N.D.1973), that the touchstones for an effective appeal on any proper issue should be that the matter has been appropriately raised in the trial court so that the trial court can intelligently rule on it, and that there be a valid appeal from the judgment.

Was the question appropriately raised in this case in the trial court? Counsel for the Board argued at one point during trial that this was simply a breach of contract suit. The only objection in the record or in this court is the motion hereinbefore described, demanding the withdrawal of issues from the jury.

■ *French v. State Farmers' Mut. Hail Ins. Co.,* 29 N.D. 426, 151 N.W. 7 (1915), held that an objection that a cause is of equitable and not of legal cognizance cannot be raised for the first time on appeal. In *Center State Bank, Inc. v. State Bank. Bd.,* 276 N.W.2d 132 (N.D.1979), we said: "Ordinarily, questions not raised, briefed or argued will receive no consideration from appellate courts." We pointed out the exception where a jurisdictional question is involved. We conclude here that the issue was sufficiently raised in the trial court by the motion to withdraw issues from the jury and was sufficiently raised, briefed and argued in this court so as to require that we resolve the questions whether or not Dobervich was entitled to a jury trial as a matter of right and, if not, whether or not the Board consented to a jury trial so as to give the verdict the same effect as if trial by jury had been a matter of right under Rule 39(c), NDRCivP.

In *Dickinson Ed. Ass'n v. Dickinson Public Sch.,* 252 N.W.2d 205, 210 (N.D.1977), the court said: "The trial court, and this court on appeal, is asked to determine whether the School Board complied in good faith with the provisions of Chapter 15–38.1, N.D.C.C. We find such a determination to be a factual determination." In *Baker v. Minot Public School Dist. No. 1, supra,* 253 N.W.2d at 448, the court said: "Our review of the Board's first contention, that the district court clearly erred in determining that the Board acted frivolously or arbitrarily in deciding not to renew Mr. Baker's teaching contract, is restricted by application of Rule 52(a) . . .." Neither *Dickinson* nor *Baker* involved the question of a right to jury trial. Whether, in a nonjury case, a trial court labels a part of its written decision "findings of fact" or "conclusions of law" is not of great significance at the moment. Professor Louis L. Jaffe in *Judicial Review: Question of Law,* 69 Harvard L.Rev. 239 (1955–1956), said:

"It is often said that in many situations it is difficult, perhaps indeed impossible, to make a clean distinction between fact and law; that the difference is one of degree, that the relation of fact and law can be described as a spectrum with finding of fact shading imperceptibly into conclusion of law."

The same author in *Judicial Review: Question of Fact,* 69 Harvard L.Rev. 1020 (1955–1956), said: "But it is generally held that the adequacy of the evidence adduced to support a finding of fact is a question of law."

In *Sand v. Red River Nat. Bank & Trust Company,* 224 N.W.2d 375 (N.D.1974), we said that the function of fact-finding involves a testing of the credibility of testimony which can be only done by the trial court, who heard the witnesses' tone of voice and observed the mannerisms which are not reflected in the appeal record. And, in *Ellendale Farmers Union Cooperative Ass'n v. Davis,* 219 N.W.2d 829 (N.D. 1974), we indicated that it was necessary that the findings enable this court on appeal to obtain a correct understanding of the factual issues determined by the trial court as a basis for the conclusions of law and the judgment entered thereon.

As one of the United States Supreme Court justices pointed out in *Commissioner v. Duberstein,* 363 U.S. 278, 292, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960):

"To be sure, conciseness is to be strived for, and prolixity avoided, in findings, but . . . there comes a point where findings become so sparse and conclusory as to give no revelation of what the District Court's concept of the determining facts and legal standard may be. See *Matton Oil Transfer Corp. v. The Dynamic,* 2 Cir., 123 F.2d 999, 1000–1001. Such conclusory, general findings do not constitute compliance with Rule 52's direction . . . ."

It appears quite obvious that this court and our trial courts have been attempting, in the absence of adequate legislation, to design remedies or solutions for school board-teacher disputes. Some inconsistency should be anticipated.

Our examination of suits involving school board-teacher disputes leads us to distinguish cases involving dismissal or termination from cases involving nonrenewal of a contract.

In *Mootz v. Belyea,* 60 N.D. 741, 236 N.W. 358, 75 ALR 1347 (1931), when a teacher sought mandamus in her contract dispute with the school board, this court said that mandamus does not lie to compel a school board to comply with the terms of a teacher's contract, the remedy at law being adequate. In a companion case by taxpayers, *Beckman v. Belyea,* 60 N.D. 738, 236 N.W. 361 (1931), the court refused to grant injunctive relief, implying that an action for damages was the proper remedy.

*Seher v. Woodlawn School Dist. No. 26,* 79 N.D. 818, 59 N.W.2d 805 (1953), was also an action for breach of contract. This court said: "It has been generally recognized that a teacher who claims to have been dismissed without cause has a remedy by action for damages for the injuries sustained," citing *Clark v. Wild Rose Special School Dist. No. 90,* 47 N.D. 297, 182 N.W. 307 (1921), in which this court answered a certified question and remanded the matter to the trial court for entry of judgment for the teacher

for damages for breach of contract. See also, *Campbell v. Wishek Public School District,* 150 N.W.2d 840 (N.D.1967); *Meier v. Foster School District No. 2,* 146 N.W.2d 882 (N.D.1966); *Miller v. South Bend Special School Dist. No. 1,* 124 N.W.2d 475 (N.D.1963); § 9–07–01, NDCC; and Annotation, Damages—Teacher's Wrongful Discharge, 22 ALR3d 1047.

Starting with the first nonrenewal suit, *Hennessy v. Grand Forks School District # 1,* 206 N.W.2d 876 (N.D.1973), a certiorari proceeding (Chapter 32–33, NDCC), where an injunction was sought (Chapters 32–05 and 32–06, NDCC), this court distinguished between dismissals and nonrenewals and, under the law as it stood at that time, only considered whether the board had acted in excess of its jurisdiction. No question of damages appears to have been raised.

The opinion in *Dathe v. Wildrose School District No. 91,* 217 N.W.2d 781 (N.D.1974), does not identify the type of action nor the relief demanded but held that the statute on nonrenewal does not create procedural due-process rights in teachers. See also, *Buhr v. Buffalo School District No. 39,* 364 F.Supp. 1225 (N.D.D.C.1973); *Buhr v. Buffalo Public School District No. 38,* 509 F.2d 1196 (8th Cir. 1975). Compare *Seher, supra,* which referred to a teacher's right under a contract as "a property right," and said that the rule of strict construction applies and all doubts should be resolved against the school board.

*Huso v. Bismarck Public School Board,* 219 N.W.2d 100 (N.D.1974), appears to be the first case in which a teacher specifically sought damages because of nonrenewal of a contract. The trial court had awarded damages and this court, without saying that Huso's sole remedy was equitable, set aside the damages.

On the same date that this court handed down the decision in *Huso, supra,* it decided also *Henley v. Fingal Public School District # 54,* 219 N.W.2d 106 (N.D.1974). Henley had sought to enjoin the hiring of a replacement teacher (Chapters 32–05 and 32–06,

NDCC), mandamus to require the issuance of a contract (Chapter 32–34, NDCC), or in the alternative to recover damages. The trial court had granted a summary judgment dismissing the action. This court reversed, saying that Henley was entitled to mandamus but, because that was no longer possible, the case was remanded so that the trial court could ascertain compensatory damages (§ 32–34–06, NDCC).

*Pollock v. McKenzie County Public School Dist. # 1,* 221 N.W.2d 521 (N.D.1974), also was a case in which the complaint sought damages for nonrenewal. The trial judge, after a full trial, dismissed the action and this court reversed and remanded for the assessment of compensatory damages, presumably in lieu of equitable remedies no longer available.

*Baker v. Minot Public School Dist. No. 1, supra,* likewise involved nonrenewal where this court treated the damages as only incidental to and dependent upon the right to an injunction or mandamus.

Although §§ 15–47–27 and 15–47–38, NDCC, have at times been mistakenly referred to as "continuing contract law," they do not provide any remedies under either contract or tort. No contract is breached by a nonrenewal. See *Bottineau Public Sch. Dist. # 1 v. Currie,* 259 N.W.2d 650 (N.D.1977).

Dobervich was not, as a matter of right, entitled to a jury trial. The court will review the nonrenewal decision by the Board to determine whether the procedural steps required by the statute have been followed and whether, under the facts of the case, a nonrenewal is authorized. Under the doctrine of separation of powers and § 94 of the North Dakota Constitution, a court must exercise restraint in reviewing nonjudicial functions and should not substitute its judgment for that of the Board. See *Allstate Insurance Co. v. Knutson,* 278 N.W.2d 383 (N.D.1979), and *Power Fuels, Inc. v. Elkin,* 283 N.W.2d 214 (N.D.1979). The Board did not consent to a jury trial. The judgment is reversed and the case is remanded for the preparation of findings of fact and conclusions of law in accordance with the guidelines set forth herein.

We point out specifically that we said in *Rolland, supra,* 279 N.W.2d at 893 and 895, that the Board, in confirming a contemplated nonrenewal after complying with the provisions of the statute, is merely required "to vote to nonrenew the contract for reasons stated in the notice of contemplated nonrenewal," and that "the Legislature intentionally avoided placing an evidentiary burden of proof upon the school board." These principles will be applicable to this case on remand.

In the light of these conclusions, there is no reason for us to consider other issues raised by the Board. "Questions, the answers to which are not necessary to the determination of the case, need not be considered." *Hospital Services v. Brooks,* 229 N.W.2d 69, 71 (N.D.1975).

Because a public question is involved, no costs will be allowed on this appeal.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.