GENERAL ELECTRIC CREDIT CORPO-
RATION, Plaintiff and Appellee,

v.

Merwyn E. RICHMAN and Elizabeth G.
Richman, Defendants and Appellants.

Civ. No. 10432.

Supreme Court of North Dakota.

Oct. 3, 1983.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for plaintiff and appellee; argued by Carlton J. Hunke, Fargo.

Wegner, Fraase, Nordeng & Johnson, Fargo, for defendants and appellants; argued by Mervin D. Nordeng, Fargo.

PEDERSON, Justice.

Asserting that they were improperly denied a jury trial, the Richmans appeal from a judgment entered in favor of General Electric Credit Corporation. We affirm in part, reverse in part and remand for further proceedings.

In May 1979, the Richmans made a promissory note to General Electric in the amount of $112,900.00, with a floating interest rate of 1.5% over the greater of the prime rate or the prime commercial paper rate. Payment was to be in 48 equal consecutive monthly installments of $3,042.77, except that the final installment was to be in the amount of the total outstanding unpaid principal and interest. The note recited that time was of the essence.

The note was secured by a chattel mortgage covering two 1979 Kenworth trucks and a 1975 Mack truck. In a separate hand-written agreement, General Electric agreed that "Upon completion of 12 payments, made in a satisfactory manner, G.E. Credit agrees to release the 1975 Mack from the chattel."

General Electric brought suit against the Richmans alleging that the Richmans defaulted in making payments when due, making $74,427.27, plus interest, attorney's fees, late charges and other costs of collection immediately due and payable. General Electric also alleged that it had a right to immediate possession of the collateral.

In its prayer for relief, General Electric demanded judgment for $74,427.52, plus interest, plus costs of collection and reasonable attorney's fees. General Electric also prayed for judgment ordering the Richmans to deliver the collateral and authorizing it to proceed in accordance with Chapter 41–09, N.D.C.C.

The Richmans' answer denied default and General Electric's right to possession of the collateral. They counterclaimed for return of the property and damages if the property were taken from them.

Concluding that the action was a mortgage foreclosure action, the trial court

granted General Electric's motion to strike the Richmans' demand for jury trial. After trial, the court made findings of fact, conclusions of law, and order for judgment.

Judgment was entered: (1) That General Electric recover from the Richmans $77,-708.51 (which included principal, past-due interest, late charges, insufficient funds check charges, and interest from June 13, 1982, until January 27, 1983, at a rate of 13.25%); (2) that the chattel mortgage be foreclosed; (3) requiring the Richmans to assemble the collateral and deliver it to the sheriff for transfer of possession to General Electric; (4) authorizing General Electric to sell, lease, or dispose of the collateral in accordance with Chapter 41–09, N.D.C.C.; (5) specifying that the proceeds of any disposition of the collateral be applied first, to expenses of transporting, holding, repairing or preparing the collateral for sale or lease, second, to satisfaction of the judgment, and third, to paying to the Richmans any amounts remaining after satisfaction of the judgment; and (6) dismissing the Richmans' counterclaim.

The Richmans seek reversal of the judgment on the ground that it was error of law to deny them a jury trial. As an alternative, the Richmans object to the award of interest at a rate not supported by any evidence.

█ An order denying a jury trial is reviewable when there is an appeal from a final judgment. *United Hospital v. Hagen,* 285 N.W.2d 586 (N.D.1979).

█ The provision in our Constitution [Art. I, § 13 (formerly § 7), N.D. Const.] that the right of trial by jury shall remain inviolate preserves the right as it existed when the Constitution was adopted. *C.I.T. Corporation v. Hetland,* 143 N.W.2d 94, 101 (N.D.1966). The Constitution preserves a trial by jury in all cases in which it was a right at common law. *Dorgan v. Kouba,* 274 N.W.2d 167 (N.D.1978).

█ While one form of action has been substituted for actions at law and in equity (see Rule 2, N.D.R.Civ.P.), the distinction between law and equity is still important in determining whether or not one has a right to a jury trial. *Northwestern Bell Telephone Co. v. Cowger,* 303 N.W.2d 791 (N.D. 1981); *Dobervich v. Central Cass Public School District No. 17,* 283 N.W.2d 187 (N.D.1979); *Landers v. Goetz,* 264 N.W.2d 459 (N.D.1978); *Ziebarth v. Kalenze,* 238 N.W.2d 261 (N.D.1976).

█ Trial by jury belongs to the common law and not to the equity side of the court. *Gull River Lumber Co. v. Keefe,* 6 Dakota 160, 41 N.W. 743 (1889). The right to a trial by jury in actions at law is a basic and fundamental part of our system of jurisprudence. *C.I.T., supra.*

█ An action at law for the recovery of money only is triable to a jury as a matter of right. *Hanson v. Carlblom,* 13 N.D. 361, 100 N.W. 1084 (1904). Absent express constitutional or statutory provision, there is no right to a jury trial in suits in equity. *Gresens v. Martin,* 27 N.D. 231, 145 N.W. 823 (1914). Generally, the right to trial by jury has been denied in equitable actions, even where a defendant has raised legal defenses. *Ask, Inc. v. Wegerle,* 286 N.W.2d 290 (N.D.1979). *See also, Northwestern Bell Telephone Co. v. Cowger, supra; Eck v. City of Bismarck,* 302 N.W.2d 739 (N.D.1981); *Alfson v. Anderson,* 78 N.W.2d 693 (N.D.1956); *Blakemore v. Cooper,* 15 N.D. 5, 106 N.W. 566 (1905); *Avery Manufacturing Co. v. Smith,* 14 N.D. 57, 103 N.W. 410 (1905). There is no right to demand a jury trial in a statutory action in the nature of an equitable proceeding. *Gull River Lumber Co. v. Keefe, supra.*

█ The right to a trial by jury is determined by the character of the issues as framed by the complaint [*C.I.T., supra; Ziebarth v. Kalenze, supra*] or appearing on the face of the pleadings. *Ziebarth v. Kalenze, supra.* Equity jurisdiction cannot be predicated upon the prayer for relief only, but must be based upon the allegations of fact in the complaint. *Kilgore v. Farmers Union Oil Co.,* 74 N.D. 640, 24 N.W.2d 26 (1946). Courts are not bound, however, by the pleadings, but by the real, meritorious controversy between the parties as shown

by all the pleadings in the case. *First National Bank of Dickinson v. Kling*, 65 N.D. 264, 257 N.W. 631 (1934). An action begun as an equity case may be changed to a jury case by subsequent pleadings outlining the issues in dispute. *Northwestern National Bank v. Howlett*, 63 N.D. 163, 247 N.W. 57 (1932).

■■■■ Where a complaint prays for both legal and equitable relief but only legal relief is warranted by the facts pleaded, it is error to deny a defendant's demand for trial by jury. *Kilgore v. Farmers Union Oil Co., supra*. A defendant in an action for damages cannot be deprived of a trial by jury because the plaintiff prays that defendant be required to account. *Id*. A defendant whose answer in an equitable action to foreclose a chattel mortgage admits all of the allegations and pleads a counterclaim for the recovery of money only cannot be denied a jury trial. *Lehman v. Coulter*, 40 N.D. 177, 168 N.W. 724 (1917). *See also, Landers v. Goetz, supra*. If a plaintiff in an action to foreclose a mortgage or other lien brings in a third party, a stranger to the mortgage, the third party is entitled to a jury trial. *First National Bank of Dickinson v. Kling, supra*. The same is true with regard to third-party intervenors who claim to own the property involved. *Northwestern National Bank v. Howlett, supra*.

■■■■ An action to foreclose a chattel mortgage is an equitable action, for which there is no right to a trial by jury [*C.I.T., supra; Gresens v. Martin, supra*], but a claim of title and right to possession of specific personal property is triable to a jury. *First National Bank of Dickinson v. Kling, supra*. The mere fact that a personal judgment is permitted to be rendered in an equitable action does not change or affect the character of the action. *Gull River Lumber Co. v. Keefe, supra*. Generally, where both damages and an injunction are sought, the parties are entitled to a jury trial as to the damage claim unless it is merely incidental to and dependent on the right to an injunction. *Dobervich v. Central Cass Public School District No. 17, supra*.

We said in *Tower City Grain Co. v. Richman*, 232 N.W.2d 61, 66 (N.D.1975):

"A complaint which prays for the equitable remedy of specific performance must clearly show that the legal remedy of damages is inadequate. A defendant should not be deprived of a jury trial, to which he would be entitled in an action at law, unless the plaintiff is clearly entitled to the equitable remedy he seeks."

Study of the foregoing legal principles indicates that, as we said in *Dobervich, supra*, "This State has been more liberal than most in construing the guarantee of jury trial." It also indicates the high regard with which we view the right to a jury trial.

■■■■ In view of the high regard with which we view the right to a jury trial, we hold that one against whom an action is brought may not be deprived of the right to a jury trial unless the party seeking to avoid a jury trial clearly and unambiguously shows that he is seeking an equitable remedy and that he is clearly entitled to it if he proves the facts as alleged in his complaint.

■■■■ We have examined the complaint filed in the instant case and we conclude that General Electric in its complaint did not clearly and unambiguously show that it was seeking the equitable remedy of foreclosure. While the complaint can be construed to be one seeking foreclosure of a chattel mortgage, it can as easily be construed to be one for money damages and for recovery of specific personal property, for which Chapter 32–07, N.D.C.C., provides a right of trial by jury. Speculation that one remedy, foreclosure, is sought, rather than money damages or recovery of personal property, is not enough upon which to deny the Richmans the right to trial by jury. The speculation could have been entirely eliminated by a motion to amend the complaint to explicitly pray for foreclosure if that were General Electric's desire. We hold that the trial court erred in denying

the Richmans' demand for a trial by jury. The trial court also erred in granting a foreclosure of the chattel mortgage when General Electric neither clearly prayed for it nor proved it was clearly entitled to foreclosure.

We do not deem *C.I.T. Corporation v. Hetland,* 143 N.W.2d 94 (N.D.1966) to be contrary to our decision in this case. There, the complaint specifically prayed "that the amount found to be due be decreed to be a valid lien upon the property described in the contract." *C.I.T., supra,* at 101.

We find, however, that the error in denying the Richmans' demand for a trial by jury was without prejudice. There must be a question of fact present before a party is entitled to a jury trial. *Production Credit Association of Minot v. Melland,* 278 N.W.2d 780 (N.D.1979).

The disputed issue was whether or not there was "completion of 12 payments, made in a satisfactory manner" so as to require General Electric to release the 1975 Mack truck from the chattel mortgage. The undisputed evidence established that every payment made was late and many were in the form of checks drawn without sufficient funds for payment. "When the evidence is such that reasonable men can draw but one conclusion therefrom, a question of fact becomes a question of law." *Malarchick v. Pierce,* 264 N.W.2d 478, 479 (N.D.1978). Because time was of the essence, the only reasonable conclusion that one could draw from the evidence is that the payments were not made in a satisfactory manner. There was nothing for a jury to determine.

The only matter remaining is the Richmans' request that we correct the award of interest. The trial court awarded 13.25% interest from June 13, 1982, until January 27, 1983. Acknowledging that there was a contract provision relating to the prime rate, the Richmans assert that no evidence was offered as to what the prime rate was during that period and argue that General Electric is therefore limited to 6% interest by Section 47–14–05, N.D.C.C.

Although there was testimony that the interest on monthly installments was based on a prime rate of 11.75%, plus 1.5%, and that the prime rate reached a high of 20.5% and a low of 11%, that evidence does not support an award of 13.25% interest. Accordingly, we remand for an evidentiary hearing on the question of the appropriate rate of interest.

Those parts of the judgment which awarded General Electric a foreclosure of the chattel mortgage and interest at 13.25% are reversed. The remaining provisions of the judgment are affirmed. The matter is remanded for a further hearing in accordance herewith and the entry of an amended judgment.

ERICKSTAD, C.J., SAND and VANDE WALLE, JJ., and PAULSON,* Surrogate Justice, concur.

---

\* Justice WM. L. PAULSON served as a Surrogate Judge for this case pursuant to Section

27–17–03, N.D.C.C.